IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PETER TRIESTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-890 (MN) |
| | ) | |
| THE SLATE GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Julia B. Klein, KLEIN LLC, Wilmington, DE, Steven Smith, Esq., Chicago, IL.  *Counsel for Plaintiff*.

Thomas E. Hanson, Jr., BARNES & THORNBURG LLP, Wilmington, DE, Rachel G. Strom and Adam I. Rich, DAVIS WRIGHT TREMAINE LLP, New York, NY.  *Counsel for Defendant*.

March 25, 2020
Wilmington, Delaware

*[signature: Maryellen Noreika]*

**NOREIKA, U.S. DISTRICT JUDGE**

On October 16, 2016, Defendant The Slate Group LLC, published an article written by non-party Deborah Tuerkheimer expressing outrage and alarm over the sexual assault accusations asserted against then presidential candidate Donald J. Trump. The article stated that "most sexual assault goes unpunished," and cases where punishment occurs are "aberrations." (D.I. 1 ¶ 33). Defendant was cited as an example of a man who was "convicted of criminal sexual assault." (*Id.* ¶ 35). This statement was, however, untrue, as Defendant admits. (D.I. 6 at 1). Accordingly, on October 12, 2017, Plaintiff timely filed claims in federal court in New Jersey against Defendant and Tuerkheimer for defamation and false light invasion of privacy. Those claims were dismissed on May 29, 2018 for lack of personal jurisdiction. *See Triestman v. Tuerkheimer*, Civ. No. 17-8187 (SDW) (CLW), 2018 WL 2432903, at *1 (D.N.J. May 29, 2018). Nearly a year later, on May 13, 2019, Plaintiff filed the same claims in Delaware against the Defendant, but not against Tuerkheimer.

Currently pending before the Court is Defendant's motion to dismiss the complaint as untimely. (D.I. 6). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. For the following reasons, the Defendant's motion to dismiss is granted.

**I.      STANDARD OF REVIEW**

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

1

U.S. at 570); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Twombly*, 550 U.S. at 555-56. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). The court's review is limited to the allegations in the complaint, exhibits attached to the complaint, and documents incorporated by reference. *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362 (D. Del. 1988).

## II. DISCUSSION

Plaintiff asserts claims for defamation and false light invasion of privacy. (D.I. 1 ¶¶ 49-57). Defendant argues that Plaintiff's claims are barred by the statute of limitations and the failure to plead actual malice. (D.I. 7 at 2-3). Because the Court finds that the complaint is time-barred, it does not address Defendant's arguments regarding actual malice.

Pursuant to Delaware's borrowing statute, when a cause of action arises outside of this State, the Court must apply the shorter of the Delaware statute of limitations or the statute of

limitations of the state "where the cause of action arose."[1] 10 *Del. C*. § 8121. The parties dispute whether the cause of action arose in New Jersey or Illinois. (D.I. 7 at 8; D.I. 11 at 4). Delaware's statute of limitations for defamation and invasion of privacy is two years. *See* 10 *Del. C*. § 8119 (establishing a two-year statute of limitations in Delaware for personal injury claims); *Ciabattoni v. Teamsters Local 326*, 2017 WL 3175617, at *5 (Del. Super. July 25, 2017) (Section 8119 governs defamation and invasion of privacy claims). Both Illinois and New Jersey have a shorter, one-year statute of limitations. *See* NJ Rev Stat § 2A:14-3 (establishing a one-year statute of limitations in New Jersey for defamation claims); *Smith v. Datla*, 164 A.3d 1110, 1117 (N.J. Super. 2017) (stating that "claims for invasion of privacy based on placing plaintiff in a false light are subject to the one-year statute of limitations imposed by N.J.S.A. 2A:14–3"); 735 ILCS 5/13-201 (establishing a one-year statute of limitations in Illinois for defamation and invasion of privacy claims). The Illinois statute, however, unlike the New Jersey statute, allows for the filing of a complaint one year after a case is dismissed for lack of jurisdiction. (D.I. 11 at 4 (quoting 735 ILCS 5/13-217)). Accordingly, the Court must determine whether the statute of limitations for New Jersey or Illinois applies.

"To determine where a cause of action arises for purposes of the borrowing statute, Delaware's choice of law rules ask which state has the most significant relationship to the claims

---

[1] Specifically, the Delaware borrowing statue states:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.

10 *Del. C*. § 8121.

and to the parties." *Johnson v. Warner Bros. Entm't, Inc.*, C.A. No. 16-185-LPS, 2017 WL 588714, at *3 (D. Del. Feb. 14, 2017); *Dymond v. Nat'l Broad. Co.*, 559 F. Supp. 734, 737 (D. Del. 1983). "While many factors can be included in this analysis, in a defamation case there is a presumption that 'the local law of the state of the plaintiff's domicile applies unless, with respect to the particular issue, one of the other states has a more significant relationship to the occurrence and the parties.'" *Johnson*, 2017 WL 588714, at *3 (quoting *Stephen G. Perlman, Rearden LLC v. Vox Media, Inc.*, C.A. No. 10046-VCP, 2015 WL 5724838, at *11 (Del. Ch. Sept. 30, 2015)). This presumption is based on the fact that defamation produces "a special kind of injury that has its principal effect among one's friends, acquaintances, neighbors and business associates in the place of one's residence." *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 765 (D. Del. 2012).

Here, there is no dispute that Plaintiff is domiciled in New Jersey and that New Jersey is "the place where the injury was felt." (D.I.1 ¶ 3; D.I. 11 at 6). Plaintiff contends, however, that his cause of action arose in Illinois, because "the offending Publication was written by Deborah Tuerkheimer, a law professor at Northwestern University in Chicago." (D.I. 11 at 6). In support, Plaintiff cites the Restatement (Second) of Conflicts of Laws § 145 (*id*.), which Delaware adopted as its "most significant relationship test." *See Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991). Plaintiff, however, offered no analysis under this test. Nevertheless, the only factor that would seem to suggest Illinois is "the place where the conduct causing injury occurred," and that is only one factor out of four. In addition, Plaintiff cites no authority showing that the conduct causing injury occured at the domicile of a non-party author, as opposed to the place where the Defendant caused publication to occur. Even if the conduct causing injury occurred in Illinois where the author lives, Plaintiff cites no authority showing that this factor alone overcomes the

4

presumption in favor of the Plaintiff's domicile. Accordingly, New Jersey's one-year statute of limitations applies to Plaintiff's claims.

Plaintiff's claims arose on October 16, 2016, when Defendant published the article at issue.[2] (D.I. 1 ¶ 5). Plaintiff, however, did not commence this lawsuit until May 13, 2019, well beyond the one year statute of limitations. Therefore, Plaintiff's claims are time barred, and Defendant's motion to dismiss (D.I. 6) is granted.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (D.I. 6) is granted, and Plaintiff's complaint (D.I. 1) is dismissed with prejudice.

---

[2] Under the single publication rule, Plaintiff's claim accrued on the date the Article was published. *See Churchill v. New Jersey*, 876 A.2d 311, 316 (N.J. App. Div. 2005); *Burr v. Newark Morning Ledger Co.*, No. A-1487-16T4, 2018 WL 1955050, at *2 (N.J. App. Div. Apr. 26, 2018).